Edgar R. Cataxinos (Utah State Bar No. 07162)
ERCataxinos@traskbritt.com
J. Jeffrey Gunn (Utah State Bar No. 10731)
JJGunn@traskbritt.com
Stephen E. Pulley (Utah State Bar No. 13843)
SEPulley@traskbritt.com
**TRASKBRITT, PC**
230 South 500 East # 300
Salt Lake City, Utah 84102
Telephone: (801) 532-1922
Facsimile: (801) 531-9168

*Attorneys for Plaintiff, CAO GROUP, INC.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CAO GROUP, INC., a Utah corporation, <br><br> Plaintiff, <br><br> v. <br><br> DEN-MAT HOLDINGS, LLC, a California limited liability company, <br><br> Defendant. | **COMPLAINT** <br><br><br> Case No.: 2:15cv00412-BCW <br><br> Magistrate Judge Brooke C. Wells <br><br><br> **JURY DEMAND** |

Plaintiff CAO Group, Inc. ("CAO") hereby complains and alleges against Defendant Den-Mat Holdings, LLC ("Den-Mat" or "Defendant") as follows:

## PARTIES

1. Plaintiff CAO is a Utah corporation located at 4628 West Skyhawk Drive, West Jordan, UT 84084.

2. Defendant Den-Mat is a California limited liability company with a principal place of business at 1017 West Central Ave., Lompoc, CA 93436.

## NATURE OF THE ACTION

3. This is an action for patent infringement arising under the Patent Laws of the United States 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.

4. On information and belief, Defendant has directly and/or indirectly, literally and/or through the doctrine of equivalents, infringed and continues to infringe, and/or actively induces other to infringe, CAO's U.S. Patents relating to lasers including U.S. Patent Nos. 7,485,116 (the "'116 Patent") (Exhibit A), 8,337,097 (the "'097 Patent") (Exhibit B), 8,834,457 (the "'457 Patent") (Exhibit C), 8,961,040 (the "'040 Patent") (Exhibit D), and 8,967,883 (the "'883 Patent") (Exhibit E) (collectively, the "Asserted Patents").

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over Defendant Den-Mat because, on information and belief, Den-Mat does and has done substantial business in this judicial District, including: (i) committing acts of patent infringement and/or inducing acts of patent infringement

by others in this judicial District and elsewhere in Utah; (ii) regularly conducting business in this State and judicial District; (iii) directing advertising to or soliciting business from persons residing in this state and judicial District; and (iv) engaging in other persistent courses of conduct, and/or deriving substantial revenue from infringing products and/or services provided to persons in this District and State.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

8. Plaintiff CAO designs, develops, manufactures, and markets various products for use in the dental industry, including but not limited to soft tissue lasers.

9. CAO has sought protection for its technological innovations, which has resulted in numerous issued patents, including the Asserted Patents.

10. The '116 Patent issued on February 3, 2009 and is titled "Laser Systems, with a Fiber Storage and Dispensing Unit, Useful in Medicine and Dentistry." CAO is the owner by assignment of the '116 Patent.

11. The '097 Patent issued on December 25, 2012 and is titled "Modular Surgical Laser Systems." CAO is the owner by assignment of the '097 Patent.

12. The '457 Patent issued on September 16, 2014 and is titled "Modular Surgical Laser Systems." CAO is the owner by assignment of the '457 Patent.

13. The '040 Patent issued on February 24, 2015 and is titled "Modular Surgical Laser Systems." CAO is the owner by assignment of the '040 Patent.

14. The '883 Patent issued on March 3, 2015, and is titled "Modular Surgical Laser Systems." CAO is the owner by assignment of the '883 Patent.

15. On information and belief, Defendant develops, markets, and/or manufactures a number of products for the dental industry, including soft tissue lasers.

16. On information and belief, Defendant manufactures and sells the SOL® Portable Diode Laser, SL3® Diode Laser, and NV® Microlaser soft tissue laser products.

17. On information and belief, Defendant Den-Mat operates and maintains a website at www.denmat.com, which redirects to https://denmat.secure.force.com/denmatmain/, (hereinafter "Den-Mat's website") where Den-Mat's products, including the SOL® Portable Diode Laser, SL3® Diode Laser, and NV® Microlaser soft tissue laser products, are marketed and sold to at least U.S. consumers via Den-Mat's website.

18. Instructions regarding how to use the SOL® Portable Diode Laser, SL3® Diode Laser, and NV® Microlaser products are provided by Defendant in the products' packaging and on Den-Mat's website.

19. On information and belief, Defendant Den-Mat has marketed and/or sold the SOL® Portable Diode Laser, SL3® Diode Laser, and NV® Microlaser products to distributors and/or end users, and has actively and knowingly induced the distributors and/or end users to infringe the Asserted Patents.

20. On information and belief, Defendant Den-Mat knows, should know, or is willfully blind to the fact that its products, including at least the SOL® Portable Diode Laser, SL3® Diode Laser, and NV® Microlaser products, are infringing products.

21. At least by September 19, 2014, CAO provided actual notice to the Defendant of CAO's patents relating to lasers including the '116, '097, and '457 Patents. At least by March 6, 2015, CAO provided actual notice to the Defendant of the claims of CAO's patent applications resulting in the '040 Patent and resulting in the '883 Patent. At least by March 19, 2015, CAO provided actual notice to the Defendant of CAO's patents relating to lasers including the '040 and '883 Patents.

## COUNT ONE

**(Infringement Of The '116 Patent (Exhibit A) Against Defendant – 35 U.S.C. §§ 271 *et seq*.)**

22. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

23. Defendant's accused soft tissue laser products, including at least the SOL® Portable Diode Laser and SL3® Diode Laser products, infringe at least claim 11 of the '116 Patent.

24. On information and belief, Defendant has had actual notice of the '116 Patent as well as constructive notice pursuant to 35 U.S.C. § 287.

25. CAO's products have been properly marked with patent information under 35 U.S.C. § 287.

26. On information and belief, by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, at least the SOL® Portable Diode Laser and SL3® Diode Laser products, Defendant has: (1) infringed and continues to infringe at least claim 11 of the '116 Patent; and/or (2) actively induced others to infringe at least claim 11 of the '116 Patent, in this District and elsewhere in the United States.

27. Defendant's actions constitute infringement, either literal or under the doctrine of equivalents, and/or active inducement of infringement, of at least claim 11 of the '116 Patent in violation of 35 U.S.C. § 271.

28. CAO has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

29. CAO is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

30. Defendant's infringement of CAO's rights under at least claim 11 of the '116 Patent will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

31. Upon information and belief, Defendant has willfully infringed at least claim 11 of the '116 Patent, entitling CAO to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT TWO

**(Infringement Of The '097 Patent (Exhibit B) Against Defendant – 35 U.S.C. §§ 271 *et seq*.)**

32. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

33. On information and belief, Defendant has had actual notice of the '097 Patent as well as constructive notice pursuant to 35 U.S.C. § 287.

34. On information and belief, Defendant has: (1) infringed and continues to infringe at least claim 1 of the '097 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, at least the SOL® Portable Diode

Laser, SL3® Diode Laser, and NV® Microlaser products; and/or (2) actively induced others to infringe at least claim 1 of the '097 Patent, in this District and elsewhere in the United States.

35. Defendant's actions constitute infringement, either literal or under the doctrine of equivalents, and/or active inducement of infringement, of at least claim 1 of the '097 Patent in violation of 35 U.S.C. § 271.

36. CAO has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

37. CAO is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

38. Defendant's infringement of CAO's rights under at least claim 1 of the '097 Patent will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

39. Upon information and belief, Defendant has willfully infringed at least claim 1 of the '097 Patent, entitling CAO to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT THREE

**(Infringement Of The '457 Patent (Exhibit C) Against Defendant – 35 U.S.C. §§ 271 *et seq.*)**

40. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

41. On information and belief, Defendant has had actual notice of the '457 Patent as well as constructive notice pursuant to 35 U.S.C. § 287.

42. On information and belief, Defendant has: (1) infringed and continues to infringe at least claim 1 of the '457 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, at least the SL3® Diode Laser and NV® Microlaser products; and/or (2) actively induced others to infringe at least claim 1 of the '457 Patent, in this District and elsewhere in the United States.

43. Defendant's actions constitute infringement, either literal or under the doctrine of equivalents, and/or active inducement of infringement, of at least claim 1 of the '457 Patent in violation of 35 U.S.C. § 271.

44. CAO has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

45. CAO is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

46. Defendant's infringement of CAO's rights under at least claim 1 of the '457 Patent will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

47. Upon information and belief, Defendant has willfully infringed at least claim 1 of the '457 Patent, entitling CAO to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT FOUR

**(Infringement Of The '040 Patent (Exhibit D) Against Defendant – 35 U.S.C. §§ 271 *et seq*.)**

48. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

49. On information and belief, Defendant has had actual notice of the '040 Patent as well as constructive notice pursuant to 35 U.S.C. § 287.

50. On information and belief, Defendant has: (1) infringed and continues to infringe at least claim 1 of the '040 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, at least the SOL® Portable Diode Laser, SL3® Diode Laser, and NV® Microlaser products; and/or (2) actively induced others to infringe at least claim 1 of the '040 Patent, in this District and elsewhere in the United States.

51. Defendant's actions constitute infringement, either literal or under the doctrine of equivalents, and/or active inducement of infringement, of at least claim 1 of the '040 Patent in violation of 35 U.S.C. § 271.

52. CAO has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

53. CAO is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

54. Defendant's infringement of CAO's rights under at least claim 1 of the '040 Patent will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

55. Upon information and belief, Defendant has willfully infringed at least claim 1 of the '040 Patent, entitling CAO to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT FIVE

**(Infringement Of The '883 Patent (Exhibit E) Against Defendant – 35 U.S.C. §§ 271 *et seq.*)**

56. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

57. On information and belief, Defendant has had actual notice of the '883 Patent as well as constructive notice pursuant to 35 U.S.C. § 287.

58. On information and belief, Defendant has: (1) infringed and continues to infringe at least claim 1 of the '883 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, at least the SL3® Diode Laser products; and/or (2) actively induced others to infringe at least claim 1 of the '883 Patent, in this District and elsewhere in the United States.

59. Defendant's actions constitute infringement, either literal or under the doctrine of equivalents, and/or active inducement of infringement, of at least claim 1 of the '883 Patent in violation of 35 U.S.C. § 271.

60. CAO has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

61. CAO is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

62. Defendant's infringement of CAO's rights under at least claim 1 of the '883 Patent will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

63. Upon information and belief, Defendant has willfully infringed at least claim 1 of the '883 Patent, entitling CAO to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CAO asks this Court to enter judgment in its favor and against Defendant under at least 35 U.S.C. § 281, and grant the following relief:

A. An adjudication that Defendant has infringed and continues to directly and indirectly infringe the Asserted Patents;

B. An adjudication that Defendant's acts of infringement are willful;

C. Orders of this Court temporarily, preliminarily, and permanently enjoining Defendant, its agents, servants, and any and all parties acting in concert with Defendant, from directly or indirectly infringing in any manner any of the claims of Asserted Patents pursuant to at least 35 U.S.C. § 283;

D. An award of damages adequate to compensate CAO for Defendant's infringement of the Asserted Patents in an amount to be proven at trial;

E. A finding that this is an exceptional case and an award of Plaintiff's costs and attorney fees;

F. A trebling of the damage award to Plaintiff;

G. An assessment and award of pre- and post-judgment interest on all damages awarded; and

H. Any further relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: June 11, 2015    **TRASKBRITT, P.C.**

        By: /s/ Edgar R. Cataxinos
           Edgar R. Cataxinos, Esq.
           J. Jeffrey Gunn, Esq.
           Stephen E. Pulley, Esq.
           230 South 500 East # 300
           Salt Lake City, Utah 84102
           Telephone: (801) 532-1922
           Facsimile: (801) 531-9168

        *Attorneys for Plaintiff, CAO GROUP, INC.*

List of Exhibits:

    Exhibit A: U.S. Patent No. 7,485,116

    Exhibit B: U.S. Patent No. 8,337,097

    Exhibit C: U.S. Patent No. 8,834,457

    Exhibit D: U.S. Patent No. 8,961,040

    Exhibit E: U.S. Patent No. 8,967,883